Brett M. Hill (ABA #1403014)
Ahlers & Cressman, PLLC
999 Third Avenue, Suite 3100
Seattle, Washington 98104-4088
Telephone: (206) 287-9900
Facsimile: (206) 287-9902
bhill@ac-lawyers.com

Attorney for Plaintiff

UNITES STATES DISTRICT COURT
FOR THE DISTRICT OF FAIRBANKS

| | |
|---|---|
| GRIPALL, LLC d/b/a GRIP ALL USA, an Alaska limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL ADHESIVE COATING COMPANY, INC. d/b/a INTERNATIONAL TAPE COMPANY a New Hampshire corporation,<br><br>Defendant. | NO. 4:14-cv-00028-RRB<br><br>COMPLAINT FOR BREACH OF CONTRACT, BREACH OF WARRANTY, DELIVERY OF NONCONFORMING GOODS, AND DAMAGES |

Plaintiff GripAll, LLC dba Grip All USA for its complaint against Defendant International Adhesive Coating Company, Inc. dba International Tape Company alleges as follows:

COMPLAINT FOR BREACH OF CONTRACT, BREACH OF WARRANTY, DELIVERY OF NONCONFORMING GOODS, AND DAMAGES
Page 1 of 7

143319.1/101250.3

## I. PARTIES

1.1 Plaintiff GripAll, LLC dba Grip All USA ("GripAll") is an Alaska corporation duly registered and licensed to do business in Alaska as a corporation and has complied with all prerequisites for this suit.

1.2 Defendant International Adhesive Coating Company, Inc. dba International Tape Company ("ITC") is a New Hampshire corporation that does business in the state of Alaska.

## II. JURISDICTION AND VENUE

2.1 Personal jurisdiction is proper over Defendant ITC pursuant to Federal Rule of Civil Procedure 4, and Alaska's Long-Arm Statute § 09.05.015 as this action relates to goods received by Plaintiff and sold by Defendant for use in the state of Alaska and the Defendant is engaged in substantial activities in the state of Alaska.

2.2 This Court has jurisdiction over the subject matter of this dispute between the parties pursuant to 28 U.S.C. § 1332 as there is complete diversity and the amount in controversy requirement is met. Venue is proper in this Judicial District, pursuant to 28 U.S.C. §1391, because the performance took place in this District.

2.3 Pursuant to Local Rule 3.3, this action should be properly assigned to the Fairbanks division, because the acts or omissions which give rise to GripAll claims and occurred in the Fairbanks district.

## III. FACTS

3.1 GripAll is a manufacturer of high-traction grip tape that is used in both commercial and non-commercial applications. GripAll's headquarters is in Fairbanks, Alaska. GripAll manufactures the GripAll products at its facility and warehouse located in Fairbanks.

COMPLAINT FOR BREACH OF CONTRACT,
BREACH OF WARRANTY, DELIVERY OF
NONCONFORMING GOODS, AND DAMAGES
Page 2 of 7



143319.1/101250.3

3.2     ITC is a manufacturer of tape products and is based in Windham, New Hampshire. GripAll has routinely purchased double-sided tape from ITC for application to GripAll's traction surfaces and which are sold to GripAll customers. ITC has sold materials to GripAll with knowledge that the materials would be used and applied in the state of Alaska.

3.3     It is critical that the double-sided adhesive tape used by GripAll to attach to the high traction surfaces be capable of being applied at low temperatures because many of GripAll's customers are from Alaska and other cold climates. As a result, in sourcing the adhesive tape, GripAll requested specifications from a number of potential suppliers for tape that could be applied in cold temperatures.

3.4     In early 2013, ITC provided GripAll with a technical datasheet for its Product 4520 - Double Coated Film Tape with High Peel Acrylic Adhesive ("4520 tape"). ITC represented that it was the original manufacturer of the 4520 Tape. The technical datasheet for the product stated that "[T]his information is offered as a guide to aid in proper selection" and represented that the 4520 Tape could be applied at temperatures as low as 0° Fahrenheit. ITC representatives also repeatedly made representations to GripAll representatives that the 4520 application tape could be applied at 0° Fahrenheit.

3.5     ITC was also well-aware of GripAll's intended use of the tape and that it would be applied in cold weather climates in Alaska.

3.6     In reliance upon ITC's technical datasheet, and the representations of ITC's representatives to GripAll, GripAll entered into an agreement with ITC to purchase the 4520 Tape for GripAll's manufacturing process. Over the course of its

COMPLAINT FOR BREACH OF CONTRACT,
BREACH OF WARRANTY, DELIVERY OF
NONCONFORMING GOODS, AND DAMAGES
Page 3 of 7



143319.1/101250.3

relationship with ITC, GripAll purchased a significant amount of the 4520 Tape from ITC.

3.7 During the course of its relationship with GripAll, ITC never notified GripAll of any deviation in its tape during this period, and did not change the technical datasheet for 4520 Tape. In reliance upon ITC's representations, GripAll used the 4520 Tape in its manufacturing process and printed packaging for its products stating that the product could be applied at temperatures as low as 0° Fahrenheit. GripAll then sold the products manufactured with the 4520 Tape to its customers.

3.8 GripAll printed marketing materials and supporting technical materials for its product stating that the product could be applied at temperatures as low as 0° Fahrenheit.

3.9 In early 2014, GripAll began receiving complaints and noticing issues with the performance of the 4520 Tape when applied at low temperatures. GripAll immediately notified ITC of the issue. Catherine Santa Fe, ITC's employee in charge of technical sales and marketing, notified GripAll that the 4520 Tape currently being supplied by ITC was actually manufactured by 3M Company ("3M"), not ITC. The 3M product was known as its Double-Coated Tape No. 9741. 3M's technical data for the Double-Coated Tape No. 9741 states that it should not be applied to surfaces below 50° Fahrenheit.

3.10 ITC was selling the 3M Double Coated Tape No. 9741 to GripAll for a price significantly more than it was being sold to the public by 3M. ITC was reselling the 3M product for as much as fifty (50%) percent more that it could be purchased directly from 3M.

COMPLAINT FOR BREACH OF CONTRACT,
BREACH OF WARRANTY, DELIVERY OF
NONCONFORMING GOODS, AND DAMAGES
Page 4 of 7



143319.1/101250.3

1     3.11    ITC breached its agreement with GripAll by delivering 4520 Tape that did not conform to the express and implied warranties made in the technical datasheet and the representations it made to GripAll. As a result, GripAll has been forced to repair, refund, and/or replace products already sold to its customers, as well as repair and/or replace GripAll's products manufactured with the 4520 Tape. GripAll has also been forced to recall some of its products it manufactured with the 4520 Tape.

    3.12    It may be necessary for GripAll to have further recalls of its product in the future as to the product with the 4520 Tape supplied by ITC.

## IV. CAUSE OF ACTION: BREACH OF CONTRACT

    4.1    GripAll repeats and realleges paragraphs 1.1 through 3.10 of its Complaint as if fully stated herein.

    4.2    ITC has failed to perform in accordance with its agreement with GripAll. The tape sold by ITC was not as represented by ITC.

    4.3    Despite GripAll's demand, ITC has failed to refund the purchase price for the 4520 Tape purchased by GripAll or compensate GripAll for its damages.

    4.4    GripAll is entitled to damages for the refund of the purchase price of the 4520 Tape, its shipping cost, interest paid, cost for recalls and repairs to goods, and the lost profits and loss of goodwill. GripAll's damages are greater than $75,000.00, the exact amount to be proven at time of trial.

## V. CAUSE OF ACTION: BREACH OF WARRANTY

    5.1    GripAll repeats and realleges paragraphs 1.1 through 4.4 of its Complaint as if fully stated herein.

    5.2    The contract between GripAll and ITC is a contract for the sale of goods, and is govern by Alaska's Uniform Commercial Code, A.S. 45.02 *et seq.*

COMPLAINT FOR BREACH OF CONTRACT,
BREACH OF WARRANTY, DELIVERY OF
NONCONFORMING GOODS, AND DAMAGES
Page 5 of 7



143319.1/101250.3

1    5.3    ITC warranted that the 4520 Tape would be merchantable, would pass without objection in the trade, would be fit for ordinary uses, and would be fit for a particular purpose.

5.4    ITC breached its express and implied warranties.

5.5    GripAll is entitled recover damages against ITC as allowed under A.S. 45.02 *et seq.*, including incidental and consequential damages. GripAll's damages are greater than $75,000.00, the exact amount to be proven at time of trial.

### VI. CAUSE OF ACTION: DELIVERY OF NONCONFORMING GOODS

6.1    GripAll repeats and realleges paragraphs 1.1 through 5.5 of its Complaint as if fully stated herein.

6.2    The agreement between GripAll and ITC for the 4520 Tape is a contract for the sale of goods, and is governed by Alaska's Uniform Commercial Code, A.S. 45.02 *et seq.*

6.3    ITC delivered nonconforming goods to GripAll.

6.4    GripAll seasonably rejected the goods.

6.5    Despite repeated demands, ITC failed to cure the nonconformity within a reasonable time.

6.6    Because ITC delivered nonconforming goods and has failed to properly cure, GripAll is entitled to revoke acceptance to the extent that it is determined that GripAll accepted the 4520 Tape (which is specifically denied), under A.S. 45.02 *et seq.*

6.7    GripAll is entitled to recover damages allowed under A.S. 45.02 *et seq.*, including incidental and consequential damages. GripAll's damages are greater than $75,000.00, the exact amount to be proven at time of trial.

COMPLAINT FOR BREACH OF CONTRACT,
BREACH OF WARRANTY, DELIVERY OF
NONCONFORMING GOODS, AND DAMAGES
Page 6 of 7



143319.1/101250.3

## VII. RELIEF REQUESTED

On the basis for the foregoing allegations, GripAll demands the following relief:

1. Awarding GripAll damages caused by ITC's breach of contract, breach of implied and express warranties and failure to provide conforming goods. GripAll's total damages exceed $75,000.00, the exact amount to be proven at time of trial.

2. Awarding GripAll its reasonable attorneys' fees, costs and expenses pursuant to Civil Rule 79, Civil Rule 82, AS 09.60.010, or otherwise allowed by contract, law, or in equity.

3. Awarding GripAll any additional legal or equitable relief which the Court finds just and equitable.

DATED: This 19th day of December 2014.

**AHLERS & CRESSMAN PLLC**

By: /s/ Brett M. Hill
Brett M. Hill, ASB # 1403014
Attorneys for Plaintiff

COMPLAINT FOR BREACH OF CONTRACT, BREACH OF WARRANTY, DELIVERY OF NONCONFORMING GOODS, AND DAMAGES
Page 7 of 7

143319.1/101250.3